

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| VS. | §   CASE NO. 1:14-CR-111 |
| | § |
| SCOTT GORDON SIMMONS | § |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the defendant, Scott Gordon Simmons, violated conditions of supervised release imposed by United States District Judge Thad Heartfield. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #81) requesting the revocation of the defendant's supervised release. The Court conducted a hearing on June 17, 2020, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

1

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

a.  That the defendant, after consultation with counsel of record, has knowingly, freely, and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b.  That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On September 8, 2015, The Honorable Thad Heartfield of the Eastern District of Texas sentenced the defendant after he pled guilty to the offense of Possession of Material Involving the Sexual Exploitation of Minors, a Class C felony. Judge Heartfield ultimately sentenced Mr. Simmons to 18 months imprisonment, to be followed by five (5) years of supervision subject to the standard conditions of release, plus special conditions to include sex offender treatment, no contact with children under the age of 18, search of property, and a $100.00 special assessment.

On February 6, 2017, the Court modified Mr. Simmons' conditions to include the condition that he reside in a residential reentry center for a period of 180 days or until a residence has been secured and approved by probation. Mr. Simmons was also required to abide by the

rules and regulations of the center and pay subsistence according to the U.S. Bureau of Prisons' guidelines.

On February 16, 2017, Scott Simmons completed his period of imprisonment and began service of the supervision term.

On June 22, 2017, the Court revoked Mr. Simmons' supervised release was revoked based on the following violations:   failing to abide by the rules of the halfway house, failing to answer truthfully to all inquiries by the probation officer, and possessing nude and sexually explicit (adult) images on his cellular phone.  Mr. Simmons was sentenced to 8 months imprisonment, followed by a new 5 year term of supervised release.  Following his revocation, his current term of supervised release began on December 22, 2017.

On June 19, 2018, the Court again modified Mr. Simmons' conditions to include the condition that he reside in a residential reentry center for a period of 180 days to commence upon release from confinement or until a release plan had been approved by the U.S. Probation Office. Mr. Simmons was required to abide by the rules and regulations of the center and pay subsistence according the U.S. Bureau of Prisons' guidelines.

On October 5, 2019, after appearing before the undersigned for a show cause hearing, the Court ordered that the conditions of release again be modified to include residential reentry center placement, in a community corrections component, for a period of 60 days.  Mr. Simmons was also required to abide by the rules and regulations of the center and pay subsistence according to the U.S. Bureau of Prisons' guidelines.  A condition was also added to restrict Mr. Simmons from going to, or remaining at, any place where he knew that children under the age of 18 are likely to be, including but not limited to parks, schools, playgrounds, and childcare facilities.

### B. Allegations in Petition

The United States Probation Office alleges that the defendant violated the following special condition of release:

*You must not go to, or remain at, any place where you know children under the age of 18 are likely to be, including but not limited to parks, schools, playgrounds, and childcare facilities.*

Specifically, on or about May 23, 2020, Mr. Simmons admitted to taking his family to Crystal Beach for Memorial Day weekend. The U.S. Probation Office was not contacted prior to Mr. Simmons leaving the district and traveling the beach.

### C. Evidence presented at Hearing:

At the hearing, the Government proffered evidence in support of the allegation in the petition to revoke. If the case proceeded to a contested hearing, the Government would present testimony establishing that on May 23, 2020, Mr. Simmons went with his family to Crystal Beach where children under 18 were likely to be present.

Defendant, Scott Gordon Simmons, offered a plea of true to the allegations. Specifically, he agreed that he entered a beach house where children were present and pled true to the allegation stated above in violation of his supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a special condition of his supervised release. This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.3(a)(1). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2).

Based upon the Defendant's criminal history category of I and the Grade C violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from 3 to 9 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two (2) years. *See* 18 U.S.C. § 3583(e)(3).

If the Court revokes a defendant's term of supervision and orders the defendant to serve a term of imprisonment for that revocation, the Court may also require that the defendant be placed on a new term of supervised release. *See* 18 U.S.C. § 3583(h). The length of this term of supervised release shall not exceed the term of supervised release authorized by statute for the offense which resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. *Id.* In this case, the authorized term of supervised release by statute is not more than life. *See id.*

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United*

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

5

*States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the defendant committed a Grade C violation of his supervision conditions. Defendant pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge recommends that the District Court order Defendant, Scott Gordon Simmons, to serve a term of **seven (7) months imprisonment**.

The Court further recommends that, upon release from prison, the defendant serve a new term of **supervised release of three (3) years**. The new term of supervision should be subject to the same mandatory and standard conditions adopted by the Court and imposed in the original judgment of conviction, as well as the special conditions recommended by the United States Probation Office and imposed in subsequent judgments and orders of modification. The Court further finds that the recommended special conditions are still relevant based on the record of the case and the evidence submitted by the Probation Office in conjunction with the petition to revoke. *See United States v. Caravayo*, 809 F.3d 269, 276 (5th Cir. 2015) (requiring that special conditions be tailored to the individual defendant and supported by the record).

Accordingly, the new term of supervised release should include the following conditions, as recommended by the United States Probation Office:

"Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been adopted by the Court. Additionally, the Court finds the special conditions originally imposed by the Court are still relevant and are reimposed as follows:

You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense.

You must participate in sex offender treatment services. These services may include psycho-physiological testing (i.e., clinical polygraph, plethysmograph, and the ABEL screen) to monitor your compliance, treatment progress, and risk to the community. You must abide by all rules and regulations of the treatment program, until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any costs associated with treatment and testing. Should you fail to pay as directed, you must perform 3 hours of community service for each unpaid session.

You must not have direct or indirect contact with children under the age of 18 unless supervised by an adult approved by the probation officer.

You must not purchase, possess, have contact with, or otherwise use any device that can be connected to the Internet or used to store digital materials. If you need access to an Internet equipped device for employment purposes, you must advise your probation officer before using the device. The probation officer will ensure your employer is aware of your criminal history and you must agree to use the device for work purposes only.

You must also refrain from the purchase, possession, or use of digital cameras; digital recorders; or any other type of recording and/or photographic equipment.

You must not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct. For the purpose of this special condition of supervision, the term "sexually explicit conduct" is as defined under 18 U.S.C. § 2256(2)(A) and is not limited to the sexual exploitation of children. You must provide the probation officer with access to any requested financial information to determine if you have purchased, viewed, or possessed sexually explicit material.

You must submit to a search of your person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of your conditions of supervision.

You must not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability; cellular telephones with internet capability; laptop computers (other than a computer approved by the probation office which may be subject to monitoring); iPods; Personal Digital Assistants (PDAs); portable data storage devices such as thumb drives and Flash memory; or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection.   You must also refrain from the purchase, possession, or use of digital cameras; digital recorders; or any other type of recording and/or photographic equipment.

If you reside in a household where a computer is present (i.e., it belongs to a parent, spouse, roommate, etc.), the owner of the computer must agree to allow the U.S. Probation Office to install software designed to monitor computer activities on such computer. This may include, but is not limited to, software that may record any and all activity on any computer you may use in the residence, including the capture of keystrokes, application information, Internet use history, e-mail correspondence, and chat conversations. You will pay any costs related to computer monitoring. You must advise anyone in your household that may use any computer in question that monitoring software has been installed.

You must not attempt to remove, tamper with, or in any way circumvent the monitoring software.  You must disclose all on-line account information, including user names and passwords, to the U.S. Probation Office. You must also, if requested, provide a list of all software/hardware on your computer, as well as telephone, cable, or Internet service provider billing records, and any other information deemed necessary by the probation office to monitor your computer usage.

You must not go to, or remain at, any place where you know children under the age of 18 are likely to be, including but not limited to parks, schools, playgrounds, and childcare facilities."

## OBJECTIONS

Objections must be:   (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report.   *See* 28 U.S.C. § 636(b)(1).   A party's failure to object bars that party from:   (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court.   *See Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

The constitutional safeguards afforded by Congress and the courts require that, when a

party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 19th day of June, 2020.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE